# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JAMES BURGOYNE,**
**Claimant Below, Petitioner**

**FILED**
**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)     No. 22-ICA-63        (JCN: 2021004016)**

**HARRISON COUNTY COAL RESOURCES, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner James Burgoyne appeals the July 27, 2022, order of the West Virginia Workers' Compensation Office of Judges ("OOJ"). Respondent Harrison County Coal Resources, Inc. filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the OOJ erred in denying Mr. Burgoyne's request for authorization for a cervical facet injection to treat his compensable injury.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' briefs, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Burgoyne injured his neck and shoulders on April 29, 2020, while driving a dump truck on company property. Heavy rainfall had caused a large pothole to develop on the road. The truck hit the hole which caused the truck to jerk Mr. Burgoyne's body violently, causing him immediate pain. Mr. Burgoyne reported the incident to his foreman, discussed it with the dozer operator at the scene, completed an accident report, and went home to recuperate. Mr. Burgoyne later testified that he believed he had a whiplash-type injury that would resolve on its own. He continued to work for the next four months before he finally sought medical care for his unresolving symptoms. He presented at MedExpress on August 31, 2020, and reported that he had a work-related injury on April 29, 2020. He was diagnosed with shoulder sprain and cervical sprain as the result of an occupational injury. X-rays showed no fractures or other acute abnormalities. Mr. Burgoyne reported that the injuries also aggravated a prior injury to his right shoulder.

---

[1] Petitioner is represented by J. Thomas Greene, Esq and T. Colin Greene, Esq. Respondent is represented by Aimee M. Stern, Esq.

During subsequent medical treatment, Mr. Burgoyne reported that the April 29, 2020, incident caused him to have pain that persisted throughout the months he continued to work without treatment. He had migraine headaches with pain, cramping, and stiffness in his neck. Mr. Burgoyne had undergone a prior right shoulder arthroscopy with rotator cuff repair and had no further symptoms in that shoulder, but since the April 29, 2020, incident, he was experiencing some radicular symptoms on the right side. Mr. Burgoyne had no other injuries or surgeries since the work accident of April 29, 2020.

On September 10, 2020, Mr. Burgoyne's claim was held compensable for unspecified strain of unspecified shoulder joint, and sprain of joints and ligaments of unspecified parts of neck. He was eligible for medical treatment and temporary total disability benefits ("TTD") from September 1, 2020, through September 14, 2020. Mr. Burgoyne was treated by orthopedists Derik Geist, M.D. for his shoulder and John Lynch, M.D., for right sided neck pain into his right shoulder and was referred to physical therapy. X-rays taken on September 25, 2020, revealed mild multilevel degenerative changes in the cervical spine without evidence for an acute bony abnormality. He underwent a cervical MRI on November 10, 2020, which showed spondylotic changes, most notably at C5-6, where mild canal narrowing was noted. He was evaluated by neurosurgeon David Cohen, M.D., and assessed with mild degeneration of cervical intervertebral disc and neck pain and was not recommended for surgery. Dr. Cohen recommended Mr. Burgoyne continue to see Dr. Lynch and continue physical therapy. Dr. Lynch wrote Mr. Burgoyne off work through February 13, 2021, while he continued to make progress in physical therapy.

On February 2, 2021, Prasadarao Mukkamala, M.D., performed an independent medical evaluation ("IME") of Mr. Burgoyne and concluded that Mr. Burgoyne had reached maximum medical improvement ("MMI"). Dr. Mukkamala opined that Mr. Burgoyne needed no further treatment and could return to work immediately, particularly in light of the fact that he was able to work for four months immediately following the April 29, 2020, injury.[2]

On January 14, 2022, Mr. Burgoyne was evaluated by anesthesiologist Kelsey Bauer, M.D., at the West Virginia University Center for Integrative Pain Management, who

---

[2] Based on Dr. Mukkamala's opinion that Mr. Burgoyne was at MMI, the claim administrator denied certain requests for additional treatment made by Dr. Lynch, including a referral to the West Virginia University Pain Clinic, and closed the claim for TTD benefits. Mr. Burgoyne protested those decisions, and they were reversed by order of the OOJ. That reversal was affirmed by the West Virginia Workers' Compensation Board of Review ("Board"), those treatments were authorized, and TTD benefits were re-instated. The Board's order is currently the subject of the employer's appeal before the Supreme Court of Appeals of West Virginia in *Harrison County Coal Resources, Inc. v. Burgoyne*, Case No. 22-0208.

diagnosed him with cervical spondylosis and shoulder pain and requested authorization for cervical facet injections.

On January 24, 2022, Mr. Burgoyne was seen again by Dr. Mukkamala for an updated IME and disability evaluation. Dr. Mukkamala again opined that Mr. Burgoyne did not require additional diagnostic studies or treatments and that he could return to work without restrictions. Dr. Mukkamala disagreed with coverage of the cervical facet injections since they were designed to address the noncompensable preexisting degenerative spondyloarthropathy in Mr. Burgoyne's cervical spine.

On January 26, 2022, the claim administrator issued a decision denying Dr. Bauer's request for authorization of the cervical facet injections due to Dr. Mukkamala's January 24, 2022, opinion that Mr. Burgoyne had reached MMI. Mr. Burgoyne protested this decision.

On April 18, 2022, Dr. Lynch was deposed and testified that Mr. Burgoyne's cervical facet joints were the cause of Mr. Burgoyne's prolonged neck pain/cervical strain and that he had an underlying degenerative condition in his cervical facet joints which had become painful after the compensable injury occurred. He testified that the typical duration for cervical strain was three to six months. Dr. Lynch further testified that Mr. Burgoyne's cervical facet joints were the target of the requested facet joint injections and were causing the need for continued treatment in his claim.

By decision dated July 27, 2022, the OOJ affirmed the claim administrator's denial of the treatment authorization, though the affirmance was on different grounds. Rather than simply citing to Dr. Mukkamala's opinion that Mr. Burgoyne had reached MMI, the OOJ's decision was predicated on the medical evidence of record that the requested injections are targeted to treat underlying degenerative issues rather than a compensable injury. As such, the OOJ found that the injections were not a reasonable and necessary medical treatment. It is from the OOJ's decision that Mr. Burgoyne now appeals.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under West Virginia Code § 23-5-12a(b) (2022), as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Although this statute specifically references orders of the Board, this Court concludes that the same standard applies to our review of orders issued by the OOJ during the period of time when administrative proceedings were being transferred from the OOJ to the Board. *See* W. Va. Code § 23-5-8a (2022) (transferring powers and duties of OOJ to Board); W. Va. Code § 23-5-12(b) (2021) (specifying this same standard of review when Board heard appeals of OOJ's orders).

On appeal, Mr. Burgoyne argues that because the OOJ overturned the claim administrator's previous denials for additional treatment, including the referral to the pain clinic, then it logically follows that the treatment recommended by the pain specialist, Dr. Bauer, should also be approved. Mr. Burgoyne submits that the requested treatment naturally flows from his compensable injury which has been determined to be the causal link between his symptoms and his limitations. Mr. Burgoyne argues that the cervical facet injections are reasonable medical treatment recommended by his medical provider to treat his compensable condition. He contends that any argument that the cervical facet injections are directed only for preexisting degenerative changes is disproved by the fact that imaging taken in Fall 2020 showed only mild degenerative changes, and Mr. Burgoyne's cervical spine was asymptomatic prior to his occupational injury.[3] Consequently, he argues that the OOJ's affirmance is clearly wrong and should be reversed.

The OOJ's decision indicates that Mr. Burgoyne sustained a compensable injury involving his cervical spine on April 29, 2020. Mr. Burgoyne's claim was held compensable for the diagnosis of sprain of joints and ligaments of unspecified parts of the neck but was not held compensable for any degenerative condition. Mr. Burgoyne is entitled to receive reasonable and necessary medical treatment for his compensable injury. *See* W. Va. Code § 23-4-3(a)(1) (2005). The OOJ, relying on the medical opinion of Dr. Mukkamala and testimony from Dr. Lynch, found that a preponderance of the credible medical evidence established that the requested cervical facet joint injections would

---

[3] Mr. Burgoyne contends that *Moore v. ICG Tygart Valley, Inc*., ___ W. Va. ___, 879 S.E.2d 779 (2022), further supports this argument regarding his prior asymptomatic condition. However, *Moore* applies to findings of compensability, not determinations of reasonable and necessary medical treatment, and as such, is not relevant to our analysis.

address a noncompensable preexisting degenerative condition. We find no reversible error in the OOJ's analysis or decision. Mr. Burgoyne has failed to prove that the cervical facet joint injections are a reasonable and necessary medical treatment for his compensable cervical sprain injury.

Accordingly, we affirm.

Affirmed.

**ISSUED:** January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

5